IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**STATE FARM FIRE AND CASUALTY**
**COMPANY**                                                                                    **PLAINTIFF**

**vs.**                                                    **CIVIL ACTION NO.  3:05-CV-723 HTW-LRA**

**JEFFERY A. STALLWORTH AND TELAYA V.**
**BROWN**                                                                                   **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

Before this court are the following motions: (1) Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment **[docket # 33]**; and (2) Supplemental Motion for Judgment on the Pleadings **[docket # 67]**.  Both motions were filed by plaintiff here, State Farm Fire and Casualty Company (hereinafter "State Farm").  Defendant Telaya V. Brown offers no response to State Farm's motions, while defendant Jeffery A. Stallworth opposes the motions.  Nevertheless, for the reasons stated below, this court hereby grants both motions.

**Jurisdiction and Choice of Law**

This court has subject matter jurisdiction over this dispute pursuant to diversity of citizenship found at Title 28 U.S.C. § 1332.[1]  Plaintiff State Farm is a citizen of Illinois,

---

[1]Title 28 U.S.C. § 1332(a)(1) provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

1

while defendants Stallworth and Telaya V. Brown are citizens of Mississippi and Maryland, respectively. The amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

Since this court's jurisdictional grant over this lawsuit is bestowed by § 1332, this court is obligated by *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply the substantive law of Mississippi.

## Issue

State Farm initiated this action by way of its Complaint for Declaratory Judgment, requesting this court to adjudicate whether it has a duty to defend or indemnify Jeffery Stallworth under three (3) State Farm policies, 99-BM-4457-2 (the "Church Policy"); 24 B8-0180-9 (the "Homeowner Policy"); and 24-B6-7673-8 (the Personal Liability Umbrella Policy, hereinafter "PLUP") related to two (2) complaints filed by Telaya V. Brown. State Farm acknowledges that the policies are in effect, but contends that the policies do not cover the complaints filed by Telaya V. Brown against Stallworth.

## Factual Background

State Farm filed its complaint seeking a declaratory judgment that there is no coverage afforded under any of three (3) policies issued by it, and pursuant to which Stallworth claims he is entitled to coverage, defense, and indemnity. At all times material hereto Stallworth was pastor of Anderson United Methodist Church in Jackson, Mississippi. In early August 2001, Stallworth met Brown while Brown was visiting family in Jackson. A few weeks later, Stallworth traveled to Maryland to visit Brown. Brown

---

of $75,000, exclusive of interest and costs, and is between . . . citizens of different State."

claims Stallworth sexually assaulted and raped Brown during this visit. As a result of the acts that transpired during Stallworth's visit to Maryland in August 2001, Stallworth pled guilty to a fourth degree sexual offense in Maryland.

Thereafter, Brown sued Stallworth for damages arising out of the alleged sexual assault in two suits: one in Prince George's County, Maryland, and one in Hinds County, Mississippi, both civil lawsuits. In these suits for which Stallworth asserts he is entitled to a defense and indemnification under State Farm's policies, Brown accused Stallworth of assault and battery, intentional infliction of emotional distress and false imprisonment all resulting in physical harm, specifically sexual assault related damages. See Maryland Complaint and Hinds County Complaint, Exhibits "A" and "B", respectively. Brown has made an additional claim in the Mississippi Complaint for intrusion into seclusion. See Hinds County Complaint, Exhibit "B" at para. 48.

As a result of the suits filed against him, Stallworth made claims with American Manufacturers Mutual Insurance Company for defense and indemnification under the policy of insurance it had issued to the Mississippi Annual Conference of the United Methodist Church ("Conference") in addition to making the same demands under each of the State Farm policies *sub judice*. State Farm has denied any obligation to defend or indemnify Stallworth pursuant to any of these three (3) policies, and on December 5, 2005, State Farm filed its complaint for declaratory judgment against Stallworth and Brown seeking a determination of its rights and obligations under the three (3) policies.

## Summary Judgment Standard

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable

trier of fact could find for the nonmoving party as to any material fact.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251,106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);  *Celotex Corporation v. Catrett,* 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);  *Martinez v. Schlumberger, Ltd.,* 338 F.3d 407, 411 (5th Cir. 2003);  *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.,* 310 F.3d 870, 877 (5th Cir. 2002).  "A fact is 'material' if it 'might affect the outcome of the suit under governing law.'"  *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001).  The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial.  *See Celotex Corporation,* 477 U.S. at 322-23;  *Anderson,* 477 U.S. at 257;  *Matsushita Electric Industrial Company v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes."  *Williams v. Time Warner Operation, Inc.,* 98 F.3d 179, 181 (5th Cir. 1996);  *Brown v. City of Houston,* 337 F.3d 539, 540 (5th Cir. 2003);  *Daniels v. City of Arlington,* 246 F.3d 500, 502 (5th Cir.), *cert. denied,* 534 U.S. 951, 122 S.Ct. 347, 151 L.Ed.2d 262 (2001).  Furthermore, only reasonable inferences can be drawn from the evidence in favor of the nonmoving party.  *Eastman Kodak Company v. Image Technology Services, Inc.,* 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992).  "If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted."  *Id.* at 468-69.  The nonmovant's burden is not satisfied by "some metaphysical doubt as to material

facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Anderson,* 477 U.S. at 247-48; *Hart v. O'Brien,* 127 F.3d 424, 435 (5th Cir.1997), cert. denied, 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown,* 337 F.3d at 540; *Bridgmon v. Array Systems Corporation,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir.), *cert. denied,* 537 U.S. 950, 123 S.Ct. 386, 154 L.Ed.2d 295 (2002). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corporation,* 477 U.S. at 322.

## The Policies

State Farm issued a Homeowner's policy of insurance ("Homeowners") to Stallworth, bearing policy number 24-B8-0180-9 having effective dates from May 26, 2001 to May 26, 2002. The Homeowner's policy provides, in pertinent part, as follows:

Section II - Exclusions

1. Coverage L and Coverage M do not apply to:

    a. bodily injury or property damage:

        (1) which is either expected or intended by the insured; or

        (2) which is the result of willful and malicious acts of the insured;

State Farm issued to Stallworth a Personal Liability Umbrella Policy ("PLUP"),

5

bearing policy number 24-B6-7673-8, having effective dates from September 27, 2000, to September 27, 2001, providing in pertinent part:

> Exclusions
>
> We will not provide insurance:
>
> 2.     For personal injury or property damage:
>
>     a.     which is either expected or intended by you; or
>
>     b.     to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed.

Stallworth is additionally making a claim for defense and indemnity under a policy of insurance issued to Anderson United Methodist Church bearing policy number 99-BM-4457-2 ("Church policy") having effective dates from November 4, 2000, to November 2001, providing in pertinent part:

> Section II Optional Coverages
>
> The following Optional Coverages are subject to the terms and conditions applicable to Section II of this policy, unless otherwise indicated. Each Optional Coverage applies only as indicated in the Declaration.
>
> Option CP-
> Clergy Professional Liability
>
> 1.     We will pay those sums that the insured becomes legally obligated to pay as damages because of acts, errors or omissions arising out of "counseling activities" or "counseling activities" of others for which the insured is liable.
>
> 2.     This optional coverage does not apply to:
>
>     d.     liability of any insured arising out of any licentious, immoral or sexual behavior associated with, leading to or culminating in any activity of a sexual nature.
>
>     e.     any dishonest, fraudulent, criminal or malicious act or omission of any insured; or . . .

### **Holding**

State Farm Fire and Casualty Company's policies (Policy Numbers 99-BM-4457-2, 24-B8-0180-9, and 24-B6-7673-8) are the policies at issue.  These policies are not ambiguous, and they are to be enforced as written.  See *South Carolina Ins. v. Keymon*, 974 So.2d 226, 230 (Miss. 2008) (quoting *State Farm Mut. Auto. Ins. Co. v. Scitzs*, 394 So.2s 1371, 1373 (Miss.1981).  Nothing in the record evidences any fraud on the part of State Farm.

The Complaints filed by Brown at issue do not allege an "occurrence" where that term is defined as an "accident."

The intentional acts exclusions in all three (3) polices precludes the coverage Stallworth seeks.  Further, the "violation of a penal statute" exclusion precludes coverage under the Church Policy.  Additionally, the specific intent to cause harm exclusion under the PLUP excludes coverage, "for personal injury when you act with specific intent to cause harm or injury."

The court finds that allegations of recklessness do not create coverage or a duty to defend as the court relies not on the specific causes of actions alleged by Brown in her Complaint but rather on the underlying facts alleged in the Complaints.

### **Conclusion**

Accordingly, this court hereby grants State Farm Fire and Casualty Company's Motions for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment [docket #s 33 and 67].  This court makes no findings of fact or conclusions of

law related to the merits of the underlying Complaints filed by Telaya Brown. The court will enter a Final Judgment in accordance with the local rules.

**SO ORDERED AND ADJUDGED** this 25th day of March, 2008.

**s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:05-cv-723 HTW-LRA
Memorandum Opinion and Order